IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| TONY EPPS, #450886, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:20-cv-407-JDK-JDL |
| | § | |
| UNIVERSITY OF TEXAS MEDICAL BRANCH, et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Tony Epps, a Texas Department of Criminal Justice inmate proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636.

On September 23, 2021, Plaintiff filed his Second Amended Complaint—which added new defendants and dismissed other defendants by operation of law. Docket No. 28. On October 1, 2021, the Magistrate Judge issued a Report and Recommendation recognizing Plaintiff's intent to dismiss some defendants by operation of law. Docket No. 30. The Report recommended that Plaintiff's intent to dismiss certain defendants be construed as a motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1). The Report then recommended that Plaintiff's claims against the University of Texas Medical Branch, the Texas Department of Criminal Justice-Correctional Institutions Division, Unknown Drug

1

Company, David Callender, Raymund S. Greenberg, and Lorie Davis be dismissed without prejudice pursuant to Rule 41(a)(1). Plaintiff timely filed objections. Docket No. 33.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his objections, Plaintiff states that "discovery will prove that UTMB, through its staff, intentionally and knowingly prescribed drugs knowing there [was a] danger." Docket No. 33 at 1–2. Plaintiff contends that the Court should report UTMB's actions to the Justice Department for criminal [and] civil rights violations. Plaintiff states that the Magistrate Judge had informed him that UTMB is protected by Eleventh Amendment immunity from this suit. *Id.* at 2.

Objections to the Report and Recommendation must be specific. *See* 28 U.S.C. § 636(b)(1). If a party files specific written objections to a Magistrate Judge's Report, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which [an] objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(2) (requiring specific written objections). The objections must be "sufficiently specific to focus the district court's

attention on the factual and legal issues which are truly in dispute." *United States v. 2121 E. 30th St.,* 73 F.3d 1057, 1060 (10th Cir.1996); *Nettles v. Wainwright,* 677 F.2d 404, 410 (5th Cir.1982) (en banc) ("It is reasonable to place upon the parties the duty to pinpoint those portions of the magistrate's report that the district court must specifically consider.").

General, vague, conclusive, or frivolous objections will not suffice. *See Battle v. U.S. Parole Comm'n,* 834 F.2d 419, 421 (5th Cir.1987). In such cases, the Court will only review the Magistrate Judge's findings to determine if they are clearly erroneous or contrary to the law. *See Gallegos v. Equity Title Co. of America, Inc.,* 484 F.Supp.2d 589, 591 (W.D. Tex. 2007) (citing *United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir.1989)). Objections made with sufficient specificity, however, allow for the district court to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Freeman v. Cnty. of Bexar,* 142 F.3d 848, 852 (5th Cir.1998) (quoting 28 U.S.C. § 636(b)(1)).

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 30) as the opinion of the District Court. Plaintiff's claims against Defendants the University of Texas Medical Branch, the Texas Department of Criminal Justice-Correctional Institutions Division, Unknown Drug Company, David Callender, Raymund S.

Greenberg, and Lorie Davis are **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(a)(1).

So **ORDERED** and **SIGNED** this **14th** day of **November, 2021.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE