IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| TONY EPPS, #450886 | § | |
| VS. | § | CIVIL ACTION NO. 6:20cv407 |
| UNIVERSITY OF TEXAS MEDICAL BRANCH, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Tony Epps, an inmate currently confined at the Michael Unit within the Texas prison system, proceeding *pro se*, brings this civil rights lawsuit pursuant 42 U.S.C. § 1983. The complaint was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.

The present Report and Recommendation concerns Plaintiff's motion for a writ of mandamus (Dkt. #36). He states that he is seeking to compel the district court to address his request for a temporary restraining order or preliminary injunction to provide him with "protection from past and further atrocities and inhumane action on the part of these defendants and their agents and employees." (Dkt. #36, 2). Plaintiff references an affidavit and memorandum of law pursuant to Fed. R. Civ. P. 65 that he asserts was filed on June 25, 2020. (Dkt. #36, p. 1). The Court construes Plaintiff's motion for writ of mandamus as seeking a ruling on a June 25, 2020, request for temporary restraining order or preliminary injunction.

1

The Court's record in this case does not reflect that Plaintiff's purported June 25, 2020, affidavit and/or memorandum of law in support of a request for a temporary restraining order or preliminary injunction is pending before it. Neither the June 25, 2020, affidavit nor the memorandum of law are a part of the Court's record in this action.

The first pleading docketed in this action is Plaintiff's original complaint, dated July 10, 2020[1] and docketed on July 24, 2020. (Dkt. #1). Plaintiff did attach to his original complaint a proposed order for a preliminary injunction (Dkt. #1-2); however, he did not attach an affidavit or memorandum of law in support of his proposed order. Plaintiff's proposed order (*Id.*) alone is not sufficient to meet the rigorous burdens of Federal Rule of Civil Procedure 65. *United States v. Jefferson Cnty.*, 720 F.2d 1511, 1519 (5th Cir. 1983) (holding that since a preliminary injunction and/or temporary restraining order is such an extraordinary, and perhaps drastic remedy, one is not granted unless the movant clearly carries the onerous burden of persuasion as to all the elements). Moreover, Plaintiff did not request that the Court issue a temporary restraining order or preliminary injunction in his original complaint. (Dkt. #1).

In his Federal Rule of Civil Procedure Rule 72(a) objections to the undersigned's Order to Replead (Dkt. #10), Plaintiff again mentions an affidavit filed on June 25, 2020, but the affidavit is not attached to Plaintiff's objections.

A review of the Court's docket does not reflect that Plaintiff has filed a motion for a temporary restraining order or preliminary injunction during the course of this action. The Court

---

[1] The timing of when Plaintiff gave his original complaint to prison officials for mailing is important as to when Plaintiff receives the benefit of the prison mailbox rule. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a prisoner's *pro se* pleading is deemed filed when delivered to prison authorities for forwarding to the court clerk).

has: (1) requested Plaintiff to replead his claims so that he can state a claim upon which relief may be granted (Dkt. #5), (2) ordered Plaintiff to file a response to an Order for More Definite Statement (Dkt. #16), and (3) granted Plaintiff's motion for leave to file a second amended complaint (Dkt. #28)—which is the live pleading in this action. An amended complaint entirely supersedes and takes the place of an original complaint. *Clark v. Tarrant Cnty., Tex.*, 798 F.2d 736, 740 (5th Cir. 1986). There is <u>not</u>, however, a pending motion for a temporary restraining order or preliminary injunction on the Court's docket.

A petition for a writ of mandamus is an order directing a public official or public body to perform a duty exacted by law. *United States v. Denson*, 603 F.2d 1143 (5th Cir. 1979). When directed against a judicial officer, the writ of mandamus is used to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it has a duty to do so. *In re Estelle*, 516 F.2d 480 (5th Cir. 1975). Mandamus is reserved for extraordinary circumstances. *Kerr v. United States District Court*, 426 U.S. 394, 403 (1976); *In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997). The relator must demonstrate (1) a clear right to relief, (2) a clear duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy. *In re Stone*, 118 F.3d at 1034.

Plaintiff is not entitled to a writ of mandamus as he has not shown that he has a clear right to relief. Plaintiff cannot show that there is a request for a temporary restraining order or preliminary injunction that the Court has not ruled upon on its docket.

To the extent that Plaintiff is seeking the issuance of a temporary restraining order or a preliminary injunction without the filing of a motion or meeting the necessary burdens required under FED. R. CIV. P. 65, Plaintiff is essentially seeking an advisory opinion and that request should

be denied. The federal courts, established pursuant to Article III of the Constitution, do not render advisory opinions. The "'judicial Power' is one to render dispositive judgments," not advisory opinions. *Plaut v. Spendthrift Farm, Inc.,* 514 U.S. 211, 219 (1995) (internal quotation marks omitted).

### Recommendation

It is accordingly recommended that Plaintiff's motion for writ of mandamus (Dkt. #36) be denied.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve, and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 14th day of June, 2022.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE